

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 28, 1975

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
P. O. Box 4087
Austin, Texas 78773

Opinion No. H- 593

Re: Whether operating
authority from the Rail-
road Commission must
be obtained for wreckers
used by the owner of a
garage which includes a
storage area for automobiles.

Dear Colonel Speir:

You have requested our opinion concerning whether certificates
of convenience and necessity from the Railroad Commission are
required under article 911b, V. T. C. S., for certain activities.

Article 911b provides that "specialized motor carriers" must
obtain a certificate. A "specialized motor carrier" is defined by
section 1(i) in part as one who uses "specialized equipment" such as
hoists, winches, etc. However, section 1 1/4 provides:

> The term 'Specialized Motor Carrier' and 'Specialized
> Equipment' shall not include wrecker type vehicles
> used incidental to or as an adjunct to the carrying
> on of the primary business of buying, selling, ex-
> changing, repairing, storing, servicing or wrecking
> motor vehicles.

You ask whether the following activities would be within this
exception:

1.    The operation of a wrecker type vehicle by the owner
of a garage body shop specializing in body work which

garage has a fenced storage area for automobiles;

2.      The operation of a wrecker type vehicle by the owner
        of a garage specializing in mechanical work which
        garage has a fenced storage area for automobiles; and

3.      The operation of a wrecker type vehicle when the
        owner has no building but does have a fenced storage
        area for automobiles.

Whether any specific situation would involve activities "incidental to or as an adjunct to the carrying on of the primary business of" one listed in section 1 1/4 will depend on the characteristics of the individual circumstances and will necessitate a factual determination. Consequently, we are unable to rule on the three situations to which you make reference.

However, in Interstate Commerce Commission v. S. C. Wholesale-Warehouse Company, 312 F. Supp. 542 (D. Idaho 1969), the court construed a "primary business" test to require a determination of whether the transportation operations are in bona fide furtherance of the primary business or are conducted as unrelated or secondary enterprises.

In our view, there are several factors which will be involved in this determination. While this is not an exclusive listing, some of these factors are:

1.      Whether the individual is in the business of buying,
        selling, exchanging, repairing, storing, servicing
        or wrecking motor vehicles.

2.      Whether the transportation performed is in furtherance
        of the primary business of buying, selling, exchanging,
        repairing, storing, servicing or wrecking motor vehicles.

3.      Whether the individual business transports or holds out
        to transport for anyone other than itself.

4.     Whether the business advertises itself as being
       in a carrier business.

5.     Whether its investment in transportation facilities
       and equipment is the principal part of its total
       business investment.

6.     Whether revenues received from transportation
       services constitute a substantial portion of the
       total revenue of the business.

## SUMMARY

Section 1 1/4 of article 911b, V. T. C. S., excepts
those who operate wrecker type vehicles incidental
to or as an adjunct to one of the primary businesses
listed therein from the requirement of a certificate
of convenience and necessity.  Whether a particular
situation will be within the exception must be determined
on a case by case basis.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee